UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FYDENCIA S. CROMER, acting on behalf of EDWARD JAMES CROMER,

Petitioner,

v.

CASE NO. 4:25-CV-14176
HONORABLE F. KAY BEHM

PAUL SCHINENBERGER,

Respondent.
_________________________________/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.

Fydencia S. Cromer, acting on behalf of her husband Edward James Cromer ("Petitioner"), filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 concerning his conditions of confinement at the Woodland Center Correctional Facility in Whitmore Lake, Michigan. ECF No. 1. Petitioner contests his placement in a mental health ward and alleges that he is being improperly medicated, subject to retaliation, and denied access to the courts. *Id*. The case was originally filed in the United States District Court for the Western District of Michigan, but was recently transferred to this Court. ECF No. 2. State records indicate that Petitioner is currently confined at the Macomb Correctional Facility in

Lenox Township, Michigan. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=211902.

For the reasons stated herein, the Court concludes that Petitioner fails to state a claim upon which federal habeas relief may be granted in his pleadings and summarily dismisses this case.

II.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

After undertaking the preliminary review required by Rule 4, the Court concludes that the petition must be dismissed for failure to state a claim upon which relief may be granted. A habeas petition provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-487 (1973). Petitioner is not challenging the fact or duration of his confinement in prison, and he raises no challenge to his criminal convictions or sentences in his petition. He instead complains about his prison conditions. Habeas relief is not available to prisoners who complain of mistreatment during their legal incarceration. *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Such complaints involving the conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id*. (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)).

Claims concerning the conditions of confinement in prison are generally not cognizable in a habeas action brought pursuant to 28 U.S.C. §§ 2241 or 2254. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence…."). A § 2241 petition can be used to challenge the conditions of confinement when release from custody is the only appropriate

remedy. *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020). Claims concerning conditions of confinement which can be remedied by improved prison conditions are not cognizable in a habeas action under §§ 2241 or 2254. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)); *see also Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006); *Keener v. Hemingway*, No. 23-CV-10260, 2023 WL 2309761, *3 (E.D. Mich. March. 1, 2023) (summarily dismissing conditions of confinement claims brought in a § 2241 petition). Rather, such claims are more properly raised in a civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (against federal officials), or 42 U.S.C. § 1983 (against state officials). *See Preiser*, 411 U.S. at 484; *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Luedtke*, 704 F.3d at 466 (dismissing § 2241 petition without prejudice to the petitioner filing a civil rights action); *see also Solano-Moreta v. Federal Bureau of Prisons*, No. 17-1019, 2018 WL 6982510 (6th Cir. Sept. 24, 2018).

Petitioner's claims concern his conditions of confinement in prison, could be remedied by changes to those conditions, and do not concern state criminal proceedings or the legality of his detention. Consequently, he fails to state a claim

upon which relief may be granted under 28 U.S.C. § 2241 in his pleadings. His habeas petition must therefore be dismissed.

III.

For the reasons stated, the Court concludes that Petitioner fails to state a claim upon which federal habeas relief may be granted in his pleadings. Accordingly, the Court dismisses with prejudice the habeas petition. This dismissal is without prejudice to the filing of a civil rights complaint. The Court makes no determination as to the merits of any such complaint. This case is closed. No further pleadings should be filed in this matter.

**SO ORDERED**.

Dated: January 7, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge